NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ROBERT VAN BOMMEL DUYZINGS, | : : : | **CIV. NO. 23-21574 (RMB)** |
| Petitioner, | : : | |
| v. | : : | **OPINION** |
| WARDEN, FCI FORT DIX, | : : : | |
| Respondent | : | |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon Petitioner Robert Van Bommel Duyzings' petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1), where he challenges the Bureau of Prison's ("BOP") determination that he is ineligible to apply First Step Act time credits ("FSA time credits") to his transfer to early supervised release or prerelease custody because he is subject to an immigration final order of removal. Respondent filed an answer to the habeas petition, opposing relief. (Answer, Dkt. No. 4.) Petitioner did not file a reply brief. For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies, and alternatively denies the petition on the merits.

I.   BACKGROUND

Petitioner is a federal prisoner confined in the Federal Correctional Institution in

Fort Dix, New Jersey ("FCI Fort Dix") (Pet., Dkt. No. 1.) He is serving a 262-month sentence imposed on October 10, 2012, in the United States District Court, Middle District of Florida. (Declaration of Christina Clark ("Clark Decl."), Ex. 1, Dkt. No 4-2 at 7.)[1] If Petitioner receives all available good conduct time, his projected release date is May 30, 2024. (*Id.*) Petitioner challenges BOP Acting Warden Cruz's July 13, 2023 decision finding Petitioner ineligible for FSA time credits because Petitioner was subject to a final order or removal. (Pet., Dkt. No. 1.) In his habeas petition, filed on or about October 27, 2023, Petitioner argued that he was not subject to a final order of removal because only an immigration judge can enter a final order of removal. (*Id.*)

Meanwhile, on or about March 4, 2024, the Department of Homeland Security ("DHS") served Petitioner with a Notice and Order of Expedited Removal ("The Notice"). (Clark Decl., Ex. 4, Dkt. No. 4-2 at 14-16.) According to the Notice, pursuant to section 235(b)(1) of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1225(b)(1), DHS determined that Petitioner was inadmissible to the United States under section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(I), because (1) he is not a citizen or national of the United States; (2) he is a native and citizen of Colombia; (3) he was paroled into the United States on or about May 25, 2012, at Tampa, Florida, for the purpose of prosecution; and (4) he is an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA. (Clark Decl., Ex. 4, Dkt. No. 4-2 at 15-

---

[1] The sentence was modified to a 168-month term of imprisonment. (Clark Decl., Ex. 1, Dkt. No. 4-2 at 7.)

16.) Based on this determination, DHS found Petitioner inadmissible as charged and ordered him removed from the United States pursuant to INA § 235(b)(1), 8 U.S.C. § 1225(b)(1). (*Id.*, Dkt. No. 4-2 at 15.)

## II.   DISCUSSION

### A.   Exhaustion of Administrative Remedies

Before a federal inmate can seek habeas relief under 28 U.S.C. § 2241, he must ordinarily exhaust his administrative remedies. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The judicially imposed exhaustion requirement serves the following purposes: 1) facilitates judicial review by allowing the appropriate agency to develop a factual record and apply its expertise; (2) conserves judicial resources by permitting agencies to grant the relief requested; and (3) fosters administrative autonomy by providing agencies the opportunity to correct their own errors. *Moscato*, 98 F.3d at 761-62 (citations omitted).

Under the BOP Administrative Remedy Program, an inmate must first seek informal resolution of his complaint, and if unsatisfied, file a formal administrative remedy request, on form BP-9, with the warden of the institution where he is confined. 28 C.F.R. ¶ 542.14. The next step is to appeal an adverse decision of the warden to the appropriate BOP Regional Director on form BP-10. *Id.* § 541.15(a). If unsatisfied, the final step is to appeal to the Central Office, General Counsel on form BP-11. *Id.* The BOP administrative remedies are finally exhausted when the Central

Office denies relief or the time for the Central Office to render a decision expires. *Id.* § 542.18.

Petitioner admittedly did not appeal the warden's denial of his administrative remedy request because Petitioner argued he was entitled to immediate release, which he could not obtain through the administrative remedy process. (Pet., Dkt. No. 1 at 3.) Respondent contends the weight of authority in this District has rejected the argument that exhaustion is not required where there is insufficient time to exhaust remedies before the habeas petition becomes moot. (Answer, Dkt. No. 4 at 14-16 (collecting cases)).

The judicially created administrative exhaustion requirement for habeas petitions under 28 U.S.C. § 2241 "may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n. 2 (3d Cir. 2005); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.1998) (Roth, J., concurring)). Here, in the absence of a showing by Petitioner that there is no possibility the administrative remedy process could lead to relief, the administrative remedy requirement serves its intended purposes. Petitioner has not presented any reason for this Court to conclude the BOP Regional Director could not overturn the warden's determination that Petitioner was not entitled to FSA time credit eligibility, because he is subject to a final order of removal. Exhaustion of administrative

remedies was not futile, and the Court will dismiss the petition without prejudice for failure to exhaust.

In the alternative to dismissal without prejudice for failure to exhaust, this Court determines that Petitioner is not entitled to relief on his habeas petition, for the reasons discussed below.

**B.     FSA Time Credits**

The FSA, enacted into law on December 21, 2018, directed the BOP to create recidivism reduction programming and incentives for federal prisoners. 18 U.S.C. § 3632(a)-(d). Under the FSA, eligible inmates who successfully participate in recidivism-reduction programming earn time credits, which can be applied toward prerelease custody or early transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A), 18 U.S.C. § 3624(g). The FSA, however, explicitly bars certain inmates from earning or applying FSA time credit. 18 U.S.C. § 3632(d)(4)(D)-(E). For example, "a prisoner is ineligible to apply time credits . . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2); BOP Prog. St. 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4).[2]

On November 25, 2020, the BOP issued a Notice of Proposed Rulemaking

---

[2] Available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

to implement and clarify certain provisions of the FSA, including those related to FSA time credits.[3]  The BOP published its final rule regarding these provisions (the "Final Rule") on January 19, 2022.  87 Fed. Reg. 2705, codified at 28 C.F.R. § 523.40 *et seq*.  Under the final rule, inmates rated at a low or minimum risk of recidivism will earn 15 days of credits for every 30 days they successfully participate in programming, and individuals rated at a medium or high risk of recidivism will earn 10 days of credits for every 30 days that they successfully participate in programming. *See* 28 C.F.R. § 523.42(c)(1)-(2); *see also* 18 U.S.C. § 3632(d)(4)(A).  Subsequently, on February 6, 2023, the BOP issued a Change Notice making several changes to Program Statement 5410.01, the agency's policy and implementing procedures on FSA time credits under 18 U.S.C. § 3632(d)(4).[4]  BOP removed any references to detainers rendering inmates ineligible to apply time credits towards early transfer to supervised release.  *Id.*

    C.    **Immigration Final Order of Removal**

An inmate who "is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17))" is ineligible to apply FSA time credits.  18 U.S.C. § 3632(d)(4)(E)(i). Thus, the definition of "final order"

---

[3] Available at https://www.federalregister.gov/documents/2020/11/25/2020-25597/fsa-time-credits.

[4] Change Notice, dated February 6, 2023, available at https://www.bop.gov/policy/progstat/5410.01_cn.pdf.

includes those orders defined as final by Title 8, chapter 12 "and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens." 8 U.S.C. § 1101(a)(17).  Pursuant to 8 U.S.C. § 1225(b)(1), DHS can issue expedited orders of removal to inadmissible aliens and others.  "[I]n the deportation context, a 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" (quoting 8 U.S.C. § 1101(a)(47)(A); *see* § 309(d)(2), 110 Stat. 3009–627; *Calcano-Martinez v. INS*, 533 U.S. 348, 350, n. 1 (2001)).  *Nasrallah v. Barr*, 590 U.S. 573, 579, 140 S. Ct. 1683, 1690 (2020)).  An expedited removal order is final when it orders an alien deported, and the order is not subject to administrative review.  *See* 8 C.F.R. § 235.3(b)(2)(ii) (providing that when an alien is found inadmissible under § 235.3(b)(1), the alien has '[n]o entitlement to hearings and appeals….")

Petitioner is subject to an expedited order of removal.  His expedited removal order states:

> Based on the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

(Clark Decl., Ex. 4, Dkt. No. 4-2 at 15.)  Therefore, Petitioner is not entitled to FSA time credits toward early transfer to supervised release or prerelease custody.  *See Ceron v. Engleman*, No. 23-3388-SSS (AGR), 2024 WL 967858, at *2 (C.D. Cal. Jan. 24, 2024) (holding that inmate with expedited order of removal was ineligible for

FSA credits), *report and recommendation adopted*, 2024 WL 968850 (C.D. Cal. Mar. 6, 2024).

## III. CONCLUSION

For the reasons set forth above, the Court dismisses the petition without prejudice for failure to exhaust administrative remedies, and alternatively, denies the petition on the merits.

An appropriate Order follows.

Date: **April 1, 2024**

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **CHIEF UNITED STATES DISTRICT JUDGE**